**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARD DRIVE PRODUCTIONS, INC., | CASE NO. _____ |
| Plaintiff, | Judge: |
| v. | Magistrate Judge: |
| JOHN DOE, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Hard Drive Productions, Inc., through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

**NATURE OF THE CASE**

1. In a previously filed action, Plaintiff sought relief against an anonymous copyright infringer associated with Internet Protocol ("IP") address 207.181.218.233. In the course of expedited discovery, Plaintiff ascertained the identity of the account holder associated with the IP address to be Jamie Phiou. Because the relationship between an account holder and infringer can be imperfect, Plaintiff now files this action to complete its investigation into the infringer's identity and, if necessary, to prosecute the infringer for his blatant violation of Plaintiff's copyright.

2. Plaintiff files this action for copyright infringement under the United States Copyright Act and a related civil conspiracy claim under the common law to combat the willful and intentional infringement of its creative works. Defendant illegally reproduced and distributed Plaintiff's copyrighted Video via the BitTorrent file distribution protocol and, upon information

1

and belief, continues to do the same. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorney's fees, and other relief.

## THE PARTIES

3. Plaintiff Hard Drive Productions, Inc. is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Phoenix, Arizona. Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint.

4. Plaintiff is a producer of adult entertainment content. Plaintiff invests significant capital in producing the content associated with its brand and has produced substantial numbers of videos and photographs. The copyrighted work at issue here is one of these adult videos, "Kim" (the "Video").

5. Defendant's actual name is currently unknown to Plaintiff. Instead, Defendant is known to Plaintiff only by an Internet Protocol ("IP") address, which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring via IP address 207.181.218.233 via the BitTorrent file transfer protocol. Plaintiff cannot ascertain Defendant's actual identity without information from Defendant's Internet Service Providers ("ISPs").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is so related to Plaintiff's copyright infringement claim,

which is within this Court's original jurisdiction, that the two claims form part of the same case and controversy under Article III of the United States Constitution.

7. This Court has personal jurisdiction because upon information and belief, Defendant either resides in or committed copyright infringement in this District. Plaintiff used geolocation technology to trace the IP address of Defendant to a point of origin within the State of Illinois. Geolocation is a method for ascertaining the likely geographic region associated with a given IP address at a given date and time. Although not a litmus test for personal jurisdiction, the use of geolocation gives Plaintiff good cause for asserting that personal jurisdiction is proper over Defendant.

8. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## BACKGROUND

9. BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet.

10. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

11. Standard P2P protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the

issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

12. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

13. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

14. The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file.

4

Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

15. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

16. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

17. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

18. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely

robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video.

## ALLEGATIONS COMMON TO ALL COUNTS

19. At all times relevant hereto, Plaintiff was the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

20. Plaintiff has applied for and received a certificate of copyright registration for the Video from the United States Copyright Office (Reg. No. PA 0001732555).

21. The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws.

22. Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

23. Defendant, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

24. Plaintiff observed Defendant's activities in the torrent swarm specific to the Video and logged his IP address and the date and time of his activity.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

26. Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27. Defendant knew or had constructive knowledge that his act constituted copyright infringement.

28. Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

29. Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct.

30. Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31. As Defendant's infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

### COUNT II – CIVIL CONSPIRACY

32. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

33. In using the peer-to-peer BitTorrent file distribution method, Defendant engaged in a concerted action with other unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm.

34. Defendant and his co-conspirators downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's Video. In participating in said conspiratorial network, Defendant

7

agreed with others to engage in a concerted tortious action in the network to reproduce and distribute Plaintiff's Video.

35. Participants in the torrent swarm have conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a complete copy of the file.

36. In furtherance of this civil conspiracy, Defendant committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and were willful participants in this joint activity.

37. As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above.

## JURY DEMAND

38. Plaintiff hereby demands a jury trial in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1) Judgment against Defendant that he has: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

2) Judgment in favor of the Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

3) Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under their control;

4) As to Count II, that the Court order the Defendant jointly and severally liable to Plaintiff in the full amount of the Judgment along with the damages associated with the infringing activities of his co-conspirators;

5) Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

6) Judgment in favor of the Plaintiff against the Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

Respectfully submitted,

Hard Drive Productions, Inc.

DATED: November 21, 2011

By: /s/ Paul Duffy
Paul Duffy (Bar No. 6210496)
Prenda Law Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Phone: 312-880-9160
Fax: 312-893-5677
E-mail: paduffy@wefightpiracy.com
*Attorney for Plaintiff*